IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HORACE LEE DUNLAP )
)
v. ) NO. 3:06-0016
)
UNITED STATES OF AMERICA

TO:     Honorable Robert L. Echols, District Judge

## REPORT AND RECOMMENDATION

By order entered February 8, 2006 (Docket Entry No. 2), this case was referred to the Magistrate Judge for further proceedings under Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings.

For the reasons set out below, the Court recommends that Petitioner's Motion for Relief under Rule 60(b)(6) be denied and this action be dismissed.

## I. BACKGROUND

Petitioner is a federal prisoner confined in a federal penitentiary in Pollock, Louisiana. On April 17, 1996, he was convicted by a jury in the Middle District of Tennessee of two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922 (g)(1). He was sentenced in July 1996 to a term of life imprisonment for these crimes.

Petitioner filed a direct appeal. On January 15, 1998, the Sixth Circuit Court of Appeals affirmed Petitioner's sentence and convictions. See Docket Entry No. 3-2. Petitioner did not file a petition for a writ of certiorari from this decision.

During the pendency of Petitioner's direct appeal, he filed two petitions in March 1997 for relief under 28 U.S.C. § 2255. Both petitions were dismissed without prejudice as prematurely filed due to the pending direct appeal.

On April 15, 1999, Petitioner filed a third petition for relief under Section 2255. See Docket Entry No. 3-4. By order entered October 13, 1999, the petition was denied after the District Court found that it was filed beyond the applicable one year statute of limitations set out in Section 2255. See Docket Entry No. 3-6. In reaching its decision, the District Court adopted the argument that Petitioner's conviction became final on February 8, 1998, when the Sixth Circuit Court of Appeals issued the mandate in his direct appeal and that this date triggered the running of the one year statute of limitations. See Docket Entry No. 3-5 at 7.

The District Court issued a certificate of appealability on the question of whether equitable tolling applies to the one-year period of limitation in habeas cases, and whether, equitable tolling would be applicable in Petitioner's case. On May 7, 2001, the Sixth Circuit Court of Appeals concluded that equitable tolling does apply to the one-year limitation period applicable to habeas petitions, but affirmed the order dismissing Petitioner's Section 2255 petition inasmuch as Petitioner had failed to demonstrate that equitable tolling was appropriate in his case. See Dunlap v. United States, 250 F.3d 1001 (6th Cir. 2001). In its analysis of the issue of equitable tolling, the appellate court stated without discussion that Petitioner's conviction became final on January 15, 1998, which triggered the running of the statute of limitations under Section 2255.

On May 17, 2001, the Government filed a petition for a rehearing and confession of error with the Sixth Circuit Court of Appeals. See Docket Entry No. 3-7. The Government asked that the appellate court vacate its opinion and judgment, reverse the order of the district court, and remand the case to the district court for further proceedings. The basis for the motion was that the United

Stated Department of Justice had adopted, while Petitioner's appeal was pending, a legal position that a judgment does not become final for the purposes of triggering the running of the one year statute of limitations until the time for filing a petition for a writ of certiorari with the United States Supreme Court expires. Under this construction, Petitioner's 1999 motion for relief under Section 2255 was timely filed and should not have been dismissed.

On May 30, 2001, the Sixth Circuit Court of Appeals denied the petition for a rehearing. See Docket Entry No. 3-8. Petitioner filed for a writ of certiorari from the United States Supreme Court but his petition was denied on December 3, 2001. See Docket Entry No. 3-9.

Petitioner thereafter moved for an order from the Sixth Circuit Court of Appeals authorizing him to file a second or successive petition under Section 2255. By order entered October 30, 2002, his request was denied. See Docket Entry No. 3-10.

On December 1, 2003, Petitioner filed a petition for relief under Section 2255. See Dunlap v. USA, No. 3-03-1166. By order entered May 12, 2004, the petition was transferred to the Sixth Circuit Court of Appeals for authorization to file a second or successive petition. On September 16, 2005, the Sixth Circuit Court of Appeals denied Petitioner authorization for the petition to be filed. Id.

On January 2, 2006, Petitioner filed the instant motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure seeking relief from the judgment entered by the District Court on October 13, 1999, which denied his Section 2255 petition as untimely. See Docket Entry No. 1. By his motion under Rule 60(b)(6), Petitioner specifically challenges as incorrect only the Order dismissing his Section 2255 petition and does not raise any substantive challenge to his underlying sentence or convictions. Petitioner bases his motion upon two decisions from the United States Supreme Court, Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003), and Gonzalez v.

Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). He contends that the decision in Clay shows that the Section 2255 motion he filed on April 15, 1999, was, in fact, timely filed and that the decision in Gonzalez permits him to file a motion under Rule 60(b)(6) which challenges the Order which dismissed his Section 2255 motion as untimely. Petitioner argues that he has exercised due diligence in pursuing his Section 2255 claims as shown by the multiple filings he has made in an attempt to have his claims heard.

Respondent responds by asserting that Petitioner's motion should be denied because he has not shown the extraordinary circumstances required to warrant relief under Rule 60(b)(6) and, furthermore, because the motion is itself untimely. See Docket Entry No. 3-1.

In his reply (Docket Entry No. 5), Petitioner contends that the government's filing of the motion for a rehearing and for confession of error in May 2001 constitutes an extraordinary circumstance warranting the relief he seeks. He also argues that his motion should not be viewed as untimely because, until the decision in Gonzalez, it was not settled that a motion under Rule 60(b)(6) could be used to raise the issue of the incorrectness of the Order which dismissed a prior Section 2255 motion. He asserts that prior to Gonzalez, he did not sleep on his rights but instead attempted to raise his challenge via other Section 2255 petitions which were dismissed as second or successive petitions and that equitable tolling should apply.

## II. CONCLUSIONS

Respondent does not argue that Petitioner's motion is actually a disguised petition for relief under Section 2255 which should be viewed as a second or successive petition. The Court agrees with Respondent's position on this issue.

A fair reading of Petitioner's motion shows that it does not, in substance or effect, assert or reassert a federal basis for relief from Petitioner's underlying sentence and convictions but instead challenges a procedural ruling on the issue of the timeliness of the petition. In habeas proceedings, a Rule 60(b) motion which challenges a district court's determination of whether a habeas petition was time barred is not a "second or successive" habeas petition and is properly brought under Rule 60(b). See Gonzalez, 125 S.Ct. at 2648 n. 4. Accordingly, the Court shall view Petitioner's motion as it is styled -- as one seeking relief from a judgement under Rule 60(b)(6).

Rule 60(b)(6) of the Federal Rules of Civil Procedures states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> . . .
> (6) any other reason justifying relief from the operation of the judgment.

Reopening a final judgment is not favored and a petitioner seeking relief under Rule 60(b)(6) must "show 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez, 125 S.Ct. at 2649 (quoting Ackermann v. United States, 340 U.S. 193, 199 (1950)); Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund, 249 F.3d 519, 523 (6th Cir. 2001). As more fully explained by the Sixth Circuit Court of Appeals in Hopper v. Euclid Manor Nursing Home, 867 F.2d 291(6th Cir. 1989):

> [t]his Circuit adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. See Pierce v. United Mine Workers, 770 F.2d 449, 451 (6th Cir. 1985), cert. denied, 474 U.S. 1104, 106 S.Ct. 890, 88 L.Ed.2d 925 (1986). A claim of strictly legal error falls in the category of "mistake" under Rule 60(b)(1) and thus is not cognizable under 60(b)(6) absent exceptional circumstances. Id. at 451. The parties may not use a Rule 60(b) motion as a substitute for an appeal, Federal Practice § 2852 at 142, or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise. Federal's, Inc. v. Edmonton Investment Co., 555 F.2d 577, 583 (6th Cir. 1977).

Hopper, 867 F.2d at 294. Further, extraordinary circumstances "will rarely occur in the habeas context." Gonzalez, 125 S.Ct. at 2649.

In the instant case, Petitioner has not shown that extraordinary circumstances exist justifying reopening the prior judgment which dismissed his Section 2255 petition. The sole basis for the Rule 60(b)(6) motion is the argument that Petitioner should be able to take advantage of the holding in Clay. The decision in Clay, which was issued approximately three and a half years after the judgment he seeks to reopen, clarified when a judgment of conviction becomes final under Section 2255 for the purposes of determining the starting date for the statute of limitations.

A mere change in decisional law is usually not, by itself, an extraordinary circumstance. Agostini v. Felton, 521 U.S. 203, 239, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997); Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001). Indeed, in Gonzalez, the Supreme Court found that extraordinary circumstances did not exist when the order that was sought to be re-opened was correct under then-governing law. See Gonzalez, 125 S.Ct. at 2650. The asserted basis for Rule 60 relief in Gonzalez was that, after relief under 28 U.S.C. § 2254 had been denied, the Supreme Court issued an opinion which "showed the error of the District Court's statute-of-limitations ruling." 125 S.Ct. at 2650. As the Supreme Court stated, "[i]t is hardly extraordinary that subsequently, after petitioner's case was no longer pending, [the Supreme Court] arrived at a different interpretation." Id.

This is exactly the situation raised by Petitioner. The issue of law at the crux of his current Rule 60(b)(6) motion was unsettled within this Sixth Circuit at the time the District Court dismissed his Section 2255 motion in October 1999. The issue remained unsettled on May 7, 2001, when the Sixth Circuit Court of Appeals denied his appeal. See Johnson v. United States, 246 F.3d 655, 657 at n.3 (6th Cir. 2001) (noting that "[w]hile this circuit has yet to address the issue, other circuits have

come to conflicting conclusions.") Under the then governing law, the decision which held that Petitioner's Section 2255 motion was untimely was correct.

Petitioner has not set forth any other legitimate arguments supporting a ruling in his favor. He argues that the Government's filing of the motion for a rehearing and confession of error in his underlying Section 2255 action is an event which satisfies the extraordinary circumstances requirement. This argument is unpersuasive. As noted herein, the issue of law as to when his judgment of conviction became final for the purposes of the statute of limitations was unsettled at the time the filing was made. This filing was considered by the appellate court and rejected. There is certainly nothing about this filing which requires that the prior judgment be re-opened.

Petitioner argues that he was unable to bring his Rule 60(b)(6) motion until after Gonzalez was decided and that he acted with due diligence in attempting to bring his argument before the courts by pursuing two Section 2255 petitions which were denied as second or successive petitions. Neither of these arguments supports the relief he seeks. While Gonzalez may have clarified that a Rule 60(b) motion could be used to re-open a judgment rendered in a prior habeas corpus proceeding as long as the motion does not raise substantive claims seeking underlying habeas relief, the filing of a Rule 60(b) motion by a habeas petitioner was certainly permitted prior to Gonzalez. See Lewis v. Alexander, 987 F.3d 392 (6th Cir. 1993); Barrier v. Beaver, 712 F.2d 231 (6th Cir. 1983).

More importantly, while Petitioner may have acted diligently in raising the Clay issue in repeated Section 2255 motions, his diligence is not an extraordinary circumstance warranting Rule 60(b)(6) relief. Whether he raised it in Section 2255 motions or in a Rule 60(b)(6) motion filed immediately after Clay was decided is inconsequential. At the time Clay was decided, the denial of Petitioner's Section 2255 motion had been a final judgment for nearly two years, the decision of the appellate court having been issued on May 7, 2001. The ruling in Clay addressed a purely

procedural issue and did not change substantive criminal law. Further, <u>Clay</u> did not involve a procedural rule which implicated the actual underlying criminal proceedings and the determination of guilt or innocence but merely touched upon the gatekeeping rules for who may use collateral review through habeas corpus petitions. <u>Clay</u> was not made retroactive by the Supreme Court to cases which were final prior to the decision. As such, <u>Clay</u> simply cannot be used by the Petitioner to re-open a finalized judgment. <u>See</u> <u>Schriro v. Summerlin</u>, 542 U.S. 348, 351-52, 124 S.Ct. 2519, 150 L.Ed.2d 442 (2004); <u>Teague v. Lane</u>, 489 U.S. 288, 310 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Thus, Petitioner's arguments that he acted diligently and that he should be entitled to equitable relief are irrelevant.

### RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the Petitioner's Motion for Relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure be DENIED and this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

              Respectfully submitted,

              _____
              JULIET GRIFFIN
              United States Magistrate Judge